Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Rukhsana Kausar,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------X
RUKHSANA KAUSAR, on behalf of herself                    Civil Action No.
and all others similarly situated,

                         Plaintiffs,                    **CLASS ACTION**
                                                  **COMPLAINT**

     v.

GC SERVICES LIMITED PARTNERSHIP

                         Defendant.
-------------------------------------------------------X

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, GC Services Limited Partnership ("GC" or "Defendant") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that GC's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3.  The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.  The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." Graziano v. Harrison, 950 F.2d 107, 111, fn5 (3d Cir. 1991)

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6.  Venue and personal jurisdiction in this District are proper because:

    a.  The acts giving rise to this lawsuit occurred within this District; and

    b.  Defendant does business within this District.

## PARTIES

7.  Plaintiff, Rukhsana Kausar, is an individual natural person who at all relevant times resided in the City of Jersey City, County of Hudson, State of New Jersey.

8.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.  Defendant, GC, at all times relevant hereto, is and was a Limited Partnership regularly engaged in the business of collecting debts within this state with offices located at 6330 Gulfton Houston, TX 77081.

10. The principal purpose of GC is the collection of debts using the mail and telephone.

11. GC regularly collects or attempts to collect, directly or indirectly, debts owed or due or

    asserted to be owed or due another.

12. GC is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).


## FACTS

13. Sometime in February of 2015, the Plaintiff allegedly incurred a debt (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which

    are the subject of the transaction were primarily for personal, family or household purposes,

    namely fees emanating from a personal credit card debt owed to Synchrony Bank/Brooks

    Brothers.

15. The personal credit card debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June

    2015, Synchrony Bank/Brooks Brothers either directly or through intermediate

    transactions assigned, placed or transferred the Debt to GC for collection.

17. The debt was in default and/or delinquent at the time it was placed with GC for

    collection.

18. On or about June 9, 2015, GC sent a letter to Plaintiff seeking to collect the Debt.

    (Annexed and attached hereto as Exhibit A is a copy of the letter dated June 9, 2015 sent

    by GC to the Plaintiff)

19. The Plaintiff received and reviewed the letter attached as Exhibit A.

20. Exhibit A seeks to collect the Debt.

21. The letter attached as <u>Exhibit A</u> is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. <u>Exhibit A</u> states in relevant part:

> As of the date of this letter, our records show you owe a balance of $347.00 to Synchrony Bank. If you dispute this balance or the validity of this debt, please contact us. If you do not dispute this debt within 30 days after you receive this letter, we will assume this debt is valid.
>
> However, if you do dispute all or any portion of this debt within 30 days of receiving this letter, we will obtain verification of the debt from our client and send it to you. Or, if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank.

23. <u>Exhibit A</u> represents GC's initial collection "communication" with the consumer as "communication" is defined by the FDCPA.

24. Plaintiff did not receive any other document from GC purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

25. Upon information and belief, based on the content of <u>Exhibit A</u>, that was the only document GC sent purporting to contain the initial disclosures required by 15 U.S.C. §1692g.

26. <u>Exhibit A</u> fails to provide the disclosures required by 15 U.S.C. §1692g(a)(4) and 15 U.S.C. §1692g(a)(5) and GC failed to provide Plaintiff with such disclosures within five (5) days thereafter.

27. GC's collection practice is a high volume practice.

28. GC's debt collection practice is largely automated and utilizes standardized form letters.

29. GC, as a matter of pattern and practice, mail or send, or cause to be mailed or sent, communications to alleged debtors that fail to provide the disclosure required by 15 U.S.C. §§1692g(a)(4) and 1692g(a)(5).

30. Documents in the form represented by <u>Exhibit A</u> are regularly sent by GC to collect debts.

31. <u>Exhibit A</u> is a standardized form letter which GC uses for the purpose of attempting to comply with 15 U.S.C. §1692g, which was sent, or caused to be sent, over the course of the past year by GC to hundreds of New Jersey consumers from whom GC attempted to collect a debt.

## CLAIMS FOR RELIEF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

33. The conduct of the Defendant in this case violates 15 U.S.C. §§1692, 1692e, 1692e(10), 1692g, 1692g(a)(4), and 1692g(a)(5).

34. The FDCPA at Section 1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer**

35. The FDCPA at Section 1692g provides:

**(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --**

> **(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**15 U.S.C. § 1692g(a).**

36. GC violated 15 U.S.C. §1692g(a)(4) and §1692g(a)(5) because the letter attached as Exhibit A, as well as letters sent to the putative class members, failed to communicate that to be entitled to a verification of the debt under subsection (a)(4) or to obtain the name and address of the original creditor under subsection (a)(5) the request must be in writing.

37. "Section 1692g gives debtors the right to dispute a debt and seek verification of the validity thereof within 30 days of receipt of a debt collection letter." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000) (*citing* 15 U.S.C. § 1692g(b).

38. "The Act further mandates the debt collector to cease all collection efforts if the consumer provides written notice that he or she disputes the debt or requests the name of the original creditor until the debt collector mails either the debt verification or creditor's name to the consumer." *Id.* (*citing* 15 U.S.C. § 1692g(b).

39. "However, if the consumer fails to contact the debt collector within 30 days these rights are lost forever." Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir. 1988).

40. "The debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights under the law." Wilson, 225 F.3d at 354. (*citing* S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702). To determine whether a debt collector has "effectively conveyed" the validation notice, the United States Court of Appeals for the Third Circuit applies the "least sophisticated debtor" standard. Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006)

41. "The 'least sophisticated debtor' standard "requires more than simply examining whether particular language would deceive or mislead a reasonable debtor because a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." Brown v. Card Serv. Ctr., 464 F.3d at 454 (internal quotation marks omitted); see also Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (explaining that the least sophisticated debtor standard "is lower than the standard of a reasonable debtor"). The least sophisticated consumer standard "protects naive consumers" while also preventing "liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Wilson, 225 F.3d at 354-55 (internal quotation marks omitted).

42. GC's omission would reasonably lead the least sophisticated consumer to believe, erroneously, that a verbal dispute of the debt will protect his or her rights in obtaining verification of the debt and/or the name and address of the original creditor.

43. GC's conduct of failing to advise consumers that to be entitled to a verification of the debt under §1692(a)(4) or to obtain the name and address of the original creditor under §1692(a)(5) that the request had to be in writing, has previously been held to violate the FDCPA. Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 217 F. Supp. 2d 336, 340-41 (E.D.N.Y. 2002) ("Any consumer, not simply the least sophisticated consumer, who read this letter would not know that to secure her right to obtain verification of the debt and the identity of the original creditor, her dispute of the debt and request for the identity of the original creditor must be in writing."); Nero v. Law Office of Sam Streeter, PLLC, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) (The validation notice clearly omitted an important term-that the consumer must inform the debt collector in writing to be entitled to verification of the debt pursuant to sub-section (a)(4)); Welker v. Law Office of Daniel J. Horwitz, 699 F.Supp.2d 1164 (S.D. Cal. 2010) ("Accordingly, there can be no dispute Defendant violated the FDCPA insofar as its dunning letter failed to advise [the plaintiff] that to be entitled to a verification of the debt under subsection (a)(4) or to obtain the name and address of the original creditor under subsection (a)(5) the request had to be in writing."); Yrok Gee Au Chan v. North Am. Collectors, Inc., No. C 06-0016 JL, 2006 WL 778642, at *6 (N.D.Cal. Mar. 24, 2006) (finding a violation of the FDCPA where the validation notice "fail[ed] to inform the consumer that he must dispute the debt in writing to preserve his right [under subsection (a)(4)] (**emphasis in original**)); McCabe v. Crawford & Co., 272 F.Supp.2d 736, 743 (N.D.Ill.2003) ([B]y

omitting the words `in writing,' Crawford did not effectively convey to the consumer his

rights under [sub-section (a)(4) of] the FDCPA and thus violated the Act).

44. The least sophisticated consumer could certainly interpret GC's letter to Plaintiff to mean

that she would obtain verification of the debt or the identity of the original creditor by

contacting Defendant at the telephone number provided. "Without a statement that these

requests must be in writing, the least sophisticated consumer is not simply uncertain of

his rights under the statute, he is completely unaware of them." See <u>Grief</u>, 217 F. Supp.

2d 336, 340-41 (E.D.N.Y. 2002). In addition, a consumer who is not informed of the

writing requirements would be unable to avail himself of the protections afforded by

Section 1692g(b). For example, if debt collector does not inform the consumer that a debt

dispute must be in writing, the consumer could dispute the debt during a telephone call to

the debt collector, but the debt collector would not be required to cease its collection

efforts and the consumer would not benefit from the protections afforded by the FDCPA.

*See Id.*

45. GC violated 15 U.S.C. § 1692g(a) by failing to disclose in the letter attached as <u>Exhibit</u>

<u>A</u>, or within five days thereafter, the information required by 15 U.S.C. §§1692g(a)(4)

and 1692g(a)(5).

46. GC violated 15 U.S.C. §1692e(10) by failing to disclose in the letter attached as <u>Exhibit</u>

<u>A</u> or within five days thereafter information required by 15 U.S.C. §1692g(a)(4) and 15

U.S.C. §1692g(a)(5) and as such used a false representation or deceptive means to collect

or attempt to collect any debt or to obtain information concerning a consumer. The false

representation is material because could easily mislead the least sophisticated consumer

about how to properly request verification and/or the name and address of the original

creditor and, therefore, could impede the consumer's ability to respond.

47. GC is liable to the Plaintiff pursuant to 15 U.S.C. §1692k because of the FDCPA

violations.

## CLASS ALLEGATIONS

48. Plaintiff incorporates by reference all of the above paragraphs as though fully stated

herein.

49. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on

behalf of all others persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil

Procedure.

50. The class consists of (a) all individuals (b) with a New Jersey address (c) who have

received an initial communication letter from GC in the substantially the same form as

Exhibit A seeking to collect a consumer debt (d) where the letter was not returned by the

post office as undeliverable (e) on or after a date one year prior to the filing of this action

and on or before a date 20 days after the filing of this action where (f) the initial letter

either failed to communicate that to be entitled to a verification of the debt under

§1692g(a)(4) the request must be in writing and/or failed to communicate that to obtain

the name and address of  the original creditor under §1692g(a)(5) the request must be in

writing.

51. The proposed class specifically excludes the United States of America, the states of the

Third Circuit, counsel for the parties, the presiding United States District Court Judge, the

Judges of the United States Court of Appeals for the Third Circuit and the United States

Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

     ii. **Common Questions Predominate**:  There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and/or 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs. The only individual issue involves the identification of the consumers who received such collection letters, (i.e.

the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

iii.   **Typicality**: The claims of the Plaintiff are typical of those of the class she seeks to represent. The claims of the Plaintiff and of the class originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv.   **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in consumer litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

v.   **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual

joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

53. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

54. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

2. Adjudging that GC violated 15 U.S.C. §§1692e, 1692e(10), 1692g, 1692g(a)(4) and 1692g(a)(5);

3.  An award of statutory damages for Rukhsana Kausar and the
    Plaintiff Class pursuant to 15 U.S.C. §1692k;

4.  Attorney's fees, litigation expenses and costs of suit pursuant to 15
    U.S.C. §1692k; and

5.  Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
     August 5, 2015

               The Law Offices of Gus Michael Farinella, PC

             /s/ Ryan Gentile
        By:_____
              Ryan Gentile (RG0835)
              Attorney for Plaintiff
              110 Jericho Turnpike – Suite 100
              Floral Park, NY 11001
              Tel: (201) 873-7675
              Fax: (212) 675-4367
              rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

             The Law Offices of Gus Michael Farinella, PC

             /s/ Ryan Gentile
        By:_____
              Ryan Gentile