**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| **RUKHSANA KAUSAR, on behalf of herself** | : | |
| **and all others similarly situated,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 15-6027 (ES) (JAD)** |
| | : | |
| **v.** | : | **MEMORANDUM OPINION** |
| | : | |
| **GC SERVICES LIMITED PARTNERSHIP,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**SALAS, DISTRICT JUDGE**

Before the Court is Defendant GC Services Limited Partnership's ("Defendant") motion to

dismiss Plaintiff's Complaint under Federal Rule of Procedure 12(b)(1) for lack of subject matter

jurisdiction. (D.E. No. 44 ("Motion")). The Court has considered the parties' arguments in support

of and in opposition to Defendant's Motion and decides this matter without oral argument under

Federal Rule of Civil Procedure 78(b). For the following reasons, the Court DENIES Defendant's

Motion.

## I. Background

The parties are familiar with the facts and procedural posture of this case, so the Court will

be brief. Plaintiff Rukhsana Kausar alleges that Defendant violated the Fair Debt Collection

Practices Act ("FDCPA") when it sent Plaintiff—and others similarly situated—a debt-collection

letter that omitted certain statutorily required disclosures. (*See generally* D.E. No. 1 ("Compl.")).

In particular, Plaintiff alleges that Defendant's debt-collection letter violated the FDCPA because

it failed to communicate that requests (i) to verify the debt or (ii) to obtain the name and address

of the original creditor must be *in writing*, as required by 15 U.S.C. §§ 1692g(a)(4)-(5). (*See, e.g.*, *id.* ¶ 36). Plaintiff also alleges that Defendant, by failing to advise that the foregoing requests must be made in writing, "used a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" in violation of 15 U.S.C. § 1692e(10). (*Id.* ¶ 46).

Defendant seeks dismissal of Plaintiff's Complaint under Federal Rule of Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that Plaintiff lacks Article III standing because she fails to allege "an intangible harm that satisfies the injury-in-fact requirement." (D.E. No. 44-1 ("Def. Br.")). Defendant's Motion is based primarily on *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). Plaintiff opposed Defendant's Motion (D.E. No 46 ("Pl. Br.")), which is now ripe for adjudication.

## II. Legal Standard

### A. Article III Standing

Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies." U.S. Const., art. III, § 2. To establish Article III standing, a plaintiff must demonstrate (1) an "injury in fact"; (2) a "causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 136 S. Ct. at 1547 (citation omitted).

To allege an injury-in-fact, "a plaintiff must claim the invasion of a concrete and particularized legally protected interest resulting in harm that is actual or imminent, not conjectural or hypothetical." *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 272 (3d. Cir. 2016)

(citation and internal quotation marks omitted). "A harm is particularized if it affects the plaintiff in a personal and individual way." *Id.* (citation, internal quotation marks, and alteration omitted). A harm "is concrete if it is *de facto*; that is, it must actually exist rather than being only abstract." *Id.* (citation and internal quotation marks omitted).

### B. 12(b)(1) Motion

A motion to dismiss based on lack of standing must be brought under Federal Rule of Civil Procedure 12(b)(1) because standing is jurisdictional. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). A motion to dismiss under 12(b)(1) may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). For the former (i.e., a facial attack), "the court looks only at the allegations in the pleadings and does so in the light most favorable to the plaintiff." *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007) (citation omitted). For the latter (i.e., a factual attack), "it is permissible for a court to review evidence outside the pleadings." *Id.* (citation omitted).

### III. Discussion

As an initial matter, the Court construes Defendant's Motion as a facial attack because Defendant does not appear to challenge the validity of Plaintiff's factual claims. Rather, Defendant argues that Plaintiff's allegations, even accepted as true, are insufficient to establish Article III standing. (*See, e.g.*, Def. Br. at 8-10).

Next, the Court turns to the sufficiency of Plaintiff's allegations for purposes of establishing Article III standing. Defendant argues that Plaintiff's allegations are purely statutory and procedural. (*Id.* at 10). To that end, Defendant avers that Plaintiff's "only alleged injury is that Defendant did not make the correct disclosures mandated by section 1692g." (*Id.* at 11).

Consequently, Defendant argues that "[s]uch a bare procedural violation alone does not constitute an intangible harm that satisfies the injury-in-fact requirement." (*Id.*). As explained below, however, Defendant's argument appears inconsistent with the prevailing authority in this District.

"[S]tanding based on a violation of a statutorily created right turns on whether such a right is substantive or merely procedural." *Pisarz v. GC Servs. Ltd. P'Ship*, No. 16-4552, 2017 WL 1102636, at *3 (D.N.J. Mar. 24, 2017). "While the Third Circuit has not addressed whether a violation of the FDCPA can give rise to a concrete injury, post-*Spokeo*, courts in this district have considered that question." *Id.* at *4 (collecting cases where courts found FDCPA violations giving rise to a concrete injury).[1] Relevant here, the *Pisarz* court found that the alleged harm—the defendant's failure to provide the statutorily required disclosures that it "is a debt collector attempting to collect a debt"—"is real and concrete, sufficient to meet Article III standing." *Id.* at *5. Here, Plaintiff alleges that Defendant failed to provide the statutorily required disclosures that certain requests must be in writing. (*See, e.g.*, Compl. ¶ 36). The Court finds that this alleged harm is sufficiently analogous to the alleged harm in *Pisarz*.

Moreover, other district courts have found that the exact harm Plaintiff alleges is sufficient to establish Article III standing. *See Macy v. GC Servs. Ltd. P'Ship*, No. 15-0819, 2016 WL 5661525, at *3-4 (W.D. Ky. Sept. 29, 2016); *Dickens v. GC Servs. Ltd. P'Ship*, No. 16-0803, 2016 WL 3917530, at *1-2 (M.D. Fla. July 20, 2016). In fact, *Macy* and *Dickens* involved the same

---

[1]     *Thomas v. Youderian*, No. 16-1408, 2017 U.S. Dist. LEXIS 16585, at *20-21, 2017 WL 1250988 (D.N.J. Feb. 3, 2017) (finding concrete injury where the plaintiff allegedly received a collection letter notifying him that a small convenience fee would be charged for payments made by credit card); *Carney v. Goldman*, No. 15-260, 2016 U.S. Dist. LEXIS 177087, at *14, 2016 WL 7408849 (D.N.J. Dec. 22, 2016) (holding that the plaintiffs satisfied the concreteness requirement of standing when they alleged that the debt collector misstated the amount of debt owed in their collection letters); *Blaha v. First Nat'l Collection Bureau, Inc.*, No. 16-2791, 2016 U.S. Dist. LEXIS 157575, at *19 (D.N.J. Nov. 10, 2016) (concluding that the allegation that the debt collector misrepresented the legal status of the debt in the collection letter is sufficiently concrete to confer Article III standing); *cf. Benali v. AFNI, Inc.*, No. 15-3605, 2017 U.S. Dist. LEXIS 783, at *16, 2017 WL 39558 (D.N.J. Jan. 4, 2017) (holding, on a motion for summary judgment, that the plaintiff did not establish a concrete injury because, based on his testimony that he knew the debt was not actually his, there was no risk that plaintiff would have paid the convenience fee).

Defendant in this case and the same debt-collection letter at issue here.  Accordingly, the Court rejects Defendant's 12(b)(1) challenge.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion is DENIED.  An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**