

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ATTORNEYS AT LAW

24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Fax: 713.759.6830
www.lewisbrisbois.com

WILLIAM S. HELFAND
DIRECT DIAL: 832.460.4614
BILL.HELFAND@LEWISBRISBOIS.COM

December 12, 2017

**VIA ECF**

Magistrate Judge Joseph A. Dickson
U.S. District Court, District of New Jersey
Martin Luther King Building
& U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

> Re: Defendant's Letter Brief seeking permission to file full briefing on its Motion to Dismiss and Compel Arbitration; Case No. 2:15-cv-06027-ES-JAD; *Rukhsana Kausar v. GC Services Limited Partnership*; in the U.S. District Court for the District of New Jersey.

Your Honor:

On behalf of Defendant GC Services Limited Partnership, and consistent with Paragraph 15 of the Court's Pretrial Scheduling Order [Dkt. 13] and the Court's text order of November 30, 2017, [Dkt. 56], I respectfully request the Court's permission to file Defendant's Motion to Dismiss and Compel Arbitration under Federal Rule of Civil Procedure 12(b)(1).

Defendant's proposed motion will seek an order dismissing Plaintiff's lawsuit on the ground that Plaintiff's claims should be submitted to single-party binding arbitration consistent with Plaintiff's contractual agreement to arbitrate her dispute and waiving class actions.

Defendant's principal, Synchrony Bank, and Plaintiff are parties to a Credit Card Agreement which contains a contractual arbitration covenant and class action waiver governed by the Federal Arbitration Act. As the Court is well aware, the FAA enacted a "strong federal policy in favor of the resolution of disputes through arbitration." *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003); *see AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986); *see also Brayman Constr. Corp. v. Home Ins. Co.*, 319 F.3d 622, 625 (3d Cir. 2003) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Plaintiff's claims fall squarely within the Credit Card Agreement's arbitration provision. Plaintiff entered into

Magistrate Judge Joseph A. Dickson
December 12, 2017
Page 2

the Credit Card Agreement with Synchrony Bank ("Synchrony"), and Defendant was acting as Synchrony's agent for collection of Plaintiff's debt owed to Synchrony. The Credit Card Agreement's arbitration provision allows Synchrony's agents to compel arbitration. Furthermore, New Jersey agency law principles allow non-parties to compel arbitration.

As demonstrated in *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009), Third Circuit courts adjudicating motions to compel arbitration under the FAA engage in the following two-part inquiry: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the dispute at issue falls within the scope of the arbitration agreement. *Id.* at 526. When performing this inquiry, Courts apply "ordinary state-law principles that govern the formation of contracts." *Kirleis v. Dickie, McCamey & Chilcote*, 560 F.3d 156, 160 (3d Cir. 2009).

### I. Synchrony and Plaintiff are Parties To a Valid Arbitration Agreement and Defendant May Compel Arbitration as Synchrony's Agent

With respect to the first *Century* factor, the Court must determine whether Plaintiff's arbitration agreement was a valid contract under state law.[1] *Century*, 584 F.3d at 526. In this case, Plaintiff and Synchrony are parties to the Credit Card Agreement. The Credit Card Agreement's arbitration provision, however, allows Synchrony's agents to compel arbitration. At all times, Defendant was acting as Synchrony's agent for collection of Plaintiff's debt owed to Synchrony, the creditor. As a matter of New Jersey law, courts properly have recognized that arbitration may be compelled by a non-signatory against a signatory to a contract on the basis of agency principles. *Hirsch v. Amper Financial Services*, LLC, 215 N.J. 174 (2013).

In its motion, Defendant will submit evidence that Defendant was acting as Synchrony's agent in attempting to collect Plaintiff's debt owed to Synchrony. The evidence will show that, in collecting Plaintiff's debt for Synchrony, Defendant consented, and was subject, to Synchrony's control and was using a letter – the letter of which Plaintiff complains – expressly approved by

---

[1] While the Credit Card Agreement is governed by Utah law, this Court should apply New Jersey law because the Plaintiff is a New Jersey resident and the proposed class includes only New Jersey residents. To avoid unnecessary briefing since it appears clear the law of Plaintiff's own residence applies, Defendant has refrained from providing briefing that would show that, just as New Jersey law requires Plaintiff to arbitrate, Utah law would as well. *See* e.g., *Reed v. Davis County Sch. Dist.*, 892 P.2d 1063, 1065 (Utah Ct. App. 1995)(It is the policy of the law in Utah for courts to interpret contracts in favor of arbitration); *see also McCoy v. Blue Cross Blue Shield*, 2001 UT 31, P14, 20 P.3d 901 ("It is our policy to interpret arbitration clauses in a manner that favors arbitration."); *Chandler v. Blue Cross Blue Shield*, 833 P.2d 356, 358 (Utah 1992) (stating "this court has also recognized the strong public policy in favor of arbitration as an approved, practical, and inexpensive means of settling disputes and easing court congestion."). If the Court finds Utah law controls, and has any question that Utah law would lead to the same result, Defendant will be happy to submit additional briefing.

Magistrate Judge Joseph A. Dickson
December 12, 2017
Page 3

Synchrony to be sent on Synchrony's behalf to its debtors, including Plaintiff. The evidence will show Defendant also agreed to adhere to Synchrony's strict instructions not to send any collection letters to debtors without first obtaining Synchrony's consent, Defendant agreed to utilize Synchrony's collection system, and that Defendant agreed to abide by Synchrony's debt collection policies and procedures. The evidence will also show that Synchrony requires Defendant to use training material regularly developed and updated by Synchrony in the training of Defendant's employees who collect consumer debts owed to Synchrony.

The evidence attached to Defendant's motion will establish Defendant was acting as Synchrony's agent during Defendant's attempts to collect Plaintiff's debt owed to Synchrony. This Court should therefore find, under New Jersey law, that the arbitration provision and class action waiver in the Credit Card Agreement can be enforced by Defendant as an agent of Synchrony.

## II.     Plaintiff's Claims Fall Within the Scope of the Credit Card Agreement's Arbitration Provision

Turning to the second *Century* factor, the Credit Card Agreement's arbitration provision clearly encompasses Plaintiff's claims filed in this lawsuit. The letter at issue in this lawsuit sent by Defendant to Plaintiff was an attempt to collect an outstanding debt Plaintiff owed on her Synchrony credit card issued under the Credit Card Agreement. The relevant language of the Credit Card Agreement's arbitration provision states in part: "*If either you or we make a demand for arbitration, you and we **must arbitrate any dispute or claim between you or any other user of your account, and us, our affiliates, agents** and/or Brooks Brother's Group, Inc. if it relates to your account, except as noted below.*" As such, Plaintiff's claims fall squarely within the Credit Card Agreement's arbitration provision.

Defendant's Rule 12(b)(1) motion will demonstrate the satisfaction of both *Century* factors as to Plaintiff's claims. Accordingly, I respectfully request the Court grant Defendant permission to file a Rule 12(b)(1) motion to dismiss this action and compel single-party, binding arbitration under the terms of the Credit Card Agreement or, alternatively, stay this action pending the outcome of such arbitration proceeding. If the Court does not compel arbitration, it should proceed in this Court with Plaintiff's claims only since the Credit Card Agreement contains a class-action waiver. Defendant is prepared to file its Rule 12(b)(1) motion within three days or less of receiving permission to file.

Magistrate Judge Joseph A. Dickson
December 12, 2017
Page 4

                                      Respectfully,

                                      William S. Helfand of
                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

cc:      The Honorable Esther Salas (via ECF)

         Ryan Gentile, Esq. (via ECF)
         *Attorney for Plaintiff*