UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RUKHSANA KAUSAR, on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Civil Action No: 2:15-cv-06027-ES-JAD |

## FINAL ORDER AND JUDGMENT

On August 5, 2015, Rukhsana Kausar ("Plaintiff or "Class Representative") filed the above captioned class action lawsuit (hereinafter referred to as the "Action") against GC Services Limited Partnership ("GC Services" or "Defendant"). The Action was filed in the United States District Court for the District of New Jersey and bore a Civil Action No: 2:15-cv-06027-ES-JAD. The class action complaint filed by Plaintiff asserted claims that GC Services violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

Defendant has denied any and all liability alleged in the Action.

On February 27, 2019, after extensive arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a written Class Action Settlement Agreement (hereinafter referred to as the "Settlement Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On April 15, 2019, Plaintiff filed the Settlement Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement (the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and 1711-1715, Defendant served written notice of the proposed class settlement as directed.

On June 6, 2019, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement [Doc. No. 108] (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement of this Action and (ii) set the date and time of the Final Approval Hearing.

On September 2, 2019, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the Final Approval Motion").

On October 2, 2019 at 10:00am, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Action satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Parties now request final certification of the settlement of this Action under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed Settlement Agreement.

The Court has read and considered the Settlement Agreement, Motion for Final Approval, Motion for Attorneys Fees, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

The Court has jurisdiction over the subject matter of the Action and over all settling parties hereto.

**CLASS MEMBERS** – The Court previously certified this case as a class action pursuant

to Rule 23(b)(3) of the Federal Rules of Civil Procedure. [Doc. No. 87]. The Class is defined as:

> (1) all persons with a New Jersey address, (2) to whom GC Services Limited Partnership mailed an initial communication letter in a form materially identical or substantially similar to the letter attached as Exhibit A to the Plaintiff's Complaint (Doc. No. 1-2) that stated: (a) "However, if you do dispute all or any portion of this debt within 30 days of receiving the letter, we will obtain verification of the debt from our client and send it to you." and/or (b) "if within 30 days of receiving this letter you request the name and address of the original creditor, we will provide it to you in the event it differs from our client, Synchrony Bank", (3) between August 5, 2014 through and including August 24, 2015, (4) in connection with the collection of a consumer debt, (5) that was not returned as undeliverable to GC Services Limited Partnership

Defendant has identified a total of 1,918 members of the above defined class (the "Class Members").

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** - Pursuant to Fed. R. Civ. P. 23, the Court certified Rukhsana Kausar as the Class Representative and Ryan Gentile, Esq. as Class Counsel. [Doc. No. 87]

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members of the settlement of this Action and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** - The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

    A.    The Class Members are so numerous that joinder of all of them in the Action is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Action, on the terms and conditions set forth in the Settlement Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of (1) the complexity and duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining a class action; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. *See* In re General Motors Corp. Pick-Up Truck Fuel Tank, 55 F. 3d 768, 785 (3d Cir. 1995) (citing, Girsh v. Jepson, 521 F.2d 153, 157 (3d Cir. 1975)).

**SETTLEMENT TERMS** - The Settlement Agreement, which is deemed incorporated herein, is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement Agreement include, but are not limited to, the following:

1. <u>Settlement Fund</u> - Defendant will establish a $19,180 settlement fund (the "Settlement Fund")

2. <u>Settlement Payment to Class Members</u> - Each Class Member who has not excluded himself or herself from the Class with a postmark date no later than 75 days after the Court's entry of the Order of Preliminary Approval will receive a $10 check from the Settlement Fund. Each settlement check will be void ninety days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be disbursed as follows: Any amounts up to an including the first $2,000 in Unclaimed Funds be donated as a *cy pres* remedy for the Settlement Class to the National Consumer Law Center 7 Winthrop Square, Boston, MA 02110, a non-profit organization delivering free legal services to low-income citizens throughout the United States. Any Unclaimed Funds over and above the first $2,000 shall be returned to GC Services.

3. <u>Class Representative Settlement Amount</u> - Class Representative will receive from Defendant the sum of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) and $2,500.00 as an incentive award for their work on behalf of the Class Members ("Class Representative Settlement Amount"). These payments totaling $3,500 will be paid by GC Services separate and apart from the Settlement Fund.

4. <u>Attorneys' Fees, Expenses, and Costs of Class Counsel</u> – Defendant will pay Class Counsel $90,000.00 for their reasonable attorneys' fees, costs and expenses ("Attorneys' Fees"). The payment of $90,000 will be paid by GC Services to Class Counsel separate and apart from the Settlement Fund, the Class Representative Settlement Amount, and any Settlement Administration Costs. *As it has been resolved herein, Class Counsel's Separate motion for Fees, (ECF No. 109), is hereby terminated as moot.*

5. <u>Settlement Notice and Administration</u> – Separate from the Settlement Fund, the Class Representative Settlement Amount, and the Attorneys' Fees, Defendant is responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs"), which will be completed by First Class, Inc.

**OBJECTIONS AND EXCLUSIONS** - The Class Members were given an opportunity to object to the settlement of this Action. The Class Members were informed of the terms of the settlement of this Action and the deadline by which they had to object to the proposed settlement and its terms. No Class Member objected to the settlement and no Class Member excluded themselves from the settlement. This Order is binding on all Class Members who did not exclude themselves from the settlement of this Action.

**RELEASE OF CLAIMS AND DISMISSAL OF THE ACTION** - Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

The Action is hereby dismissed with prejudice in all respects. This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Settlement Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

IT IS SO ORDERED

Dated: 10/2/19

_____
UNITED STATES MAGISTRATE JUDGE